IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, BENTON DIVISION

| | |
|---|---|
| NORCAL Mutual Insurance Company<br><br>Plaintiff,<br><br>v.<br><br>Morthland College Health Services, LLC,<br><br>Defendant. | Civil Action No.: _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff NORCAL Mutual Insurance Company ("NORCAL"), by counsel, files this Complaint for Declaratory Judgment against Defendant Morthland College Health Services, LLC ("Morthland"). For their causes of action, NORCAL alleges as follows:

**INTRODUCTION**

1. NORCAL brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Federal Rule of Civil Procedure 57, seeking a judicial determination regarding its rights and obligations, if any, with respect to Morthland under Medical Professional Liability Insurance Policy No. 718746N issued by NORCAL to Morthland for the period of November 1, 2016 to March 1, 2017 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit A**, with confidential premium information redacted.

2. In this action, NORCAL seeks a declaration that the Policy does not provide defense or indemnity coverage to Morthland for the lawsuit filed against Morthland under the caption *Teri Maddox as Administrator of the Estate of Betty Maddox v. Richard Gaston, M.D., et al.*, Case No. 16-L-250 (Williamson County, Illinois) ("*Maddox* Action"). A true and correct copy of the Second Amended Complaint filed in the *Maddox* Action is attached as **Exhibit B**.

## PARTIES

3. Plaintiff NORCAL is a corporation organized and existing under the laws of California, with its principal place of business in San Francisco, California. Thus, NORCAL is a citizen of California.

4. Defendant Morthland is a limited liability company, whose sole members are Timothy Morthland, Robert Swayze, Moya Cook, Terri Baddock-Hartman and Jason Dorris.

5. Timothy Morthland, Robert Swayze, Moya Cook, Terri Baddock-Hartman and Jason Dorris are each residents of, and are domiciled in, the State of Illinois, and therefore are citizens of Illinois. Thus, Morthland is a citizen of Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties and there is an actual controversy between the parties that exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2). Defendant Morthland maintains its principal place of business in this District and a substantial part of the events giving rise to the claims at issue occurred in this District.

## STATEMENT OF FACTS

**A.    The *Maddox* Action**

8. On December 5, 2016, the *Maddox* Action was filed in Williamson County, Illinois. The initial Complaint did not name Morthland as a party, and did not assert any cause of action or seek any relief against Morthland.

9. On February 7, 2017, a First Amended Complaint was filed in the *Maddox* Action. The First Amended Complaint did not name Morthland as a party, and did not assert any cause of action or seek any relief against Morthland.

10. On March 13, 2017, a Second Amended Complaint was filed in the *Maddox* Action. The Second Amended Complaint named Morthland as a defendant for the first time.

11. Morthland first provided notice of the *Maddox* Action to NORCAL on April 19, 2017.

12. The *Maddox* Action arises out of the death of Betty Maddox.

13. It is alleged in the Second Amended Complaint that Richard Gaston, MD was an "agent, servant, or employee" of Morthland.

14. In the Second Amended Complaint, the plaintiff also alleges that, through the actions of Richard Gaston, MD, Morthland "negligently and carelessly": (1) failed to order a cardiac consult, (2) cancelled a second set of cardiac enzymes, (3) failed to order appropriate cardiac testing, (4) failed to diagnose myocardial ischemia and/or unstable angina, and (5) discharged Betty Maddox and that one or more of these purportedly negligent acts or omissions caused the death of Betty Maddox.

15. The plaintiff in the *Maddox* Action seeks damages for loss of love, companionship, society, guidance and support and also claims that the plaintiff has become liable for large sums of money in hospital, medical and funeral expenses.

16. Based on these allegations, the Second Amended Complaint asserts causes of action against Morthland for Wrongful Death (Count II) and Survival Action (Count V).

**B.  The Policy**

17. NORCAL initially issued the Policy to Morthland for the Policy Period of November 1, 2016 to November 1, 2017. (Words that are underlined are defined in the Policy.)

18. Pursuant to an endorsement, the Policy was cancelled effective March 1, 2017 and no extended reporting period was issued. Accordingly, the Policy Period of the Policy was November 1, 2016 to March 1, 2017.

19. The only potentially applicable insurance coverage for the claims set forth in the *Maddox* Action is Coverage A: Medical Professional Liability Insurance – Claims Made ("Coverage A").

20. The Policy is written on a claims-made and reported basis and provides coverage in the amount of $1,000,000 per Claim and $3,000,000 in the aggregate for each Policy Period under Coverage A.

21. Under the insuring agreement provided in Coverage A, the Policy provides the following, in relevant part:

> We will pay Damages, up to the applicable limits of coverage for Medical Professional Liability Insurance, on behalf of an Insured because of a Medical Incident that takes place within the Coverage Territory on or after the Insured's Retroactive Date . . . and that results in a Claim first made against that Insured, and first reported to Us, during the Policy Period. . . . .

22. The term Claim is defined in relevant part, as a "[w]ritten notice or demand for Damages because of injury that an Insured has received regarding a Medical Incident[.]"

23. Policy Period is defined, in relevant part, as "the period of time indicated on the Declarations Page from the effective date to the expiration date, or the earlier termination of the policy[.]"

24. In addition, Policy Part VII.A. provides that "[i]f We do not issue an extended reporting period endorsement, there will be no coverage for Claims that are first reported to Us on or after the expiration or termination date of this policy or the applicable coverage."

25. Policy Part VI: Conditions provides, in relevant part:

> **When a Claim is First Reported to Us.** We consider a Claim to have been first reported to Us on the date the Insured's agent or broker shown as the producer on the Declarations Page or subsequent endorsement, first gives Our Claims Department written notice of the Claim . . . .

## COUNT I—DECLARATORY JUDGMENT

*No Duty to Defend or Indemnify—the Maddox Action Is Not a Claim First Made or Reported during the Policy Period*

26. Plaintiff repeats and incorporates by reference paragraphs 1–25 of this Complaint as if fully set forth herein.

27. An actual case or controversy exists between the parties concerning the rights and obligations of NORCAL and Morthland under the Policy with respect to the *Maddox* Action.

28. The Policy only provides coverage for a <u>Claim</u> that is both made and reported during the <u>Policy Period</u> of November 1, 2016 to March 1, 2017.

29. Here, the *Maddox* Action was not amended to add Morthland as a party or otherwise seek relief against Morthland until the Second Amended Complaint was filed on March 13, 2017. Further, NORCAL was not provided notice of the *Maddox* Action until April 19, 2017.

30. Accordingly, the Policy's terms bar coverage both because (1) there was no <u>Claim</u> made against an <u>Insured</u> before the termination of the Policy on March 1, 2017 and (2) notice of the *Maddox* Action was not provided to NORCAL as required before the Policy terminated, either of which is sufficient to bar coverage in its entirety.

31. NORCAL is entitled to a declaratory judgment that the Policy does not provide coverage for the *Maddox* Action and that NORCAL has no duty to defend or indemnify Morthland with respect to the *Maddox* Action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter a judgment in favor of NORCAL and find and declare as requested above;

(b) Award NORCAL attorneys' fees and costs allowable under the law; and

(c) Award NORCAL such other and further relief as may be warranted.

Dated: August 16, 2017                                Respectfully submitted,

                                                      */s/ Seth M. Erickson*

                                                      Seth M. Erickson (Lead Counsel)
                                                      TROUTMAN SANDERS LLP
                                                      One North Wacker, Suite 2905
                                                      Chicago, Illinois 60606
                                                      (312) 759-5930
                                                      (773) 877-3737 – facsimile
                                                      seth.erickson@troutmansanders.com